

**FILED** SH

1/28/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **21-CR-64** |
| | ) | |
| v. | ) | Violation: Title 18, United States Code, |
| | ) | Section 1344 |
| ANDRZEJ LAJEWSKI, | ) | |
| a/k/a Andrew Lajewski, | ) | |
| AGNIESZKA SIEKOWSKI, | ) | **Judge Martha M. Pacold** |
| a/k/a Agnes Siekowski, | ) | **Magistrate Judge Sheila M. Finnegan** |
| ALDONA BOBROWICZ, and | ) | |
| ANDRZEJ BUKOWSKI | ) | |

## COUNT ONE

The SPECIAL JANUARY 2020 GRAND JURY charges:

1.      At times material to this indictment:

        a.      Defendant ANDRZEJ LAJEWSKI recruited buyers to obtain mortgage loans to purchase properties on Chicago's south side. Defendant LAJEWSKI also owned and controlled companies that purported to rehab and manage these properties, including Highland Consulting Corporation and Quality Management and Remodeling, Inc.

        b.      Defendant AGNIESZKA SIEKOWSKI worked with licensed loan originators to qualify buyers for mortgage loans and to refinance those mortgage loans.

        c.      Defendant ALDONA BOBROWICZ was a loan processor who worked at various mortgage brokerage firms.

      d.     Defendant ANDRZEJ BUKOWSKI owned and controlled AB Management & Remodeling, Inc., which owned 7022 S. Carpenter Street, Chicago, Illinois.

      e.     Primary Residential Mortgage, Inc., Directors Financial Group, American Fidelity Mortgage, Inc., Pacific Union Financial, LLC, Peoples Home Equity, PMAC Lending Services, Inc., and HomeBridge Financial Services, Inc., were financial institutions, specifically mortgage lending businesses that financed or refinanced debt secured by an interest in real estate and whose activities affected interstate commerce.

      f.     Mortgage lending businesses required applicants for mortgage loans, or applicants seeking to refinance mortgage loans, to provide truthful information, including truthful information and truthful supporting documentation about the applicant's financial condition, employment, income, assets, source of down payment, and intention to occupy the property, which information was material to lenders' approval, terms, and funding of loans.

      g.     The United States Department of Housing and Urban Development, through the Federal Housing Administration, provided insurance guaranteed by the United States government to private lending institutions that financed federally-insured mortgage loans to qualified borrowers. Information about the borrower's financial condition, assets, employment, income, intention to occupy the property, and source of down payment was material to the Federal Housing Administration's decision to insure mortgage loans, including the information contained in HUD-1 settlement statements, loan applications, and other supporting documentation such as bank statements, gift letters, and pay stubs.

2.     Beginning no later than in or about June 2010, and continuing until in or about April 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,
ALDONA BOBROWICZ, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.     It was part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, ALDONA BOBROWICZ, and ANDRZEJ BUKOWSKI caused buyers to fraudulently obtain mortgage loans from financial institutions in a total amount of at least $3 million by making and causing to be made materially false representations in documents submitted to the financial institutions, including loan applications, bank statements, gift letters, pay stubs, and HUD-1 settlement statements, concerning, among other things, the buyers' employment, income, assets, source of down payment, and intention to occupy the property purchased as a primary residence.

4.     It was further part of the scheme that defendant ANDRZEJ LAJEWSKI recruited and caused to be recruited individuals to serve as buyers to purchase properties, including properties in Chicago, Illinois located at: 115 S. Parkside Avenue, 7225 S. Champlain Avenue, 6507 S. Wolcott Avenue, 6430 S. Green Street, 6517 S. Peoria Street, 5537 S. Loomis Blvd., 6616 S. Green Street, 5344 S. Aberdeen Street, 5007 S. Bishop

Street, 5935 S. Justine Street, 7022 S. Carpenter Street, 6836 S. Bishop Street, and 5630 S. Peoria Street, knowing that the buyers would be fraudulently qualified for mortgage loans to purchase the properties.

5.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI prepared and submitted, and caused to be prepared and submitted, to financial institutions loan applications for buyers that defendants LAJEWSKI and SIEKOWSKI knew contained false and fraudulent information about the buyers' qualifications for mortgage loans, including false and fraudulent information about the buyers' income, employment, assets, source of down payment, and intention to occupy the property purchased as a primary residence.

6.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, and ALDONA BOBROWICZ knowingly caused to be submitted to financial institutions fraudulent documents that supported the false information contained in loan applications, including fraudulent paystubs, gift letters, bank statements, and W-2 Wage and Tax Statements.

7.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, and ALDONA BOBROWICZ created and caused to be created certain fictitious documents, including altered bank statements which fraudulently inflated the amount of money in the buyers' bank accounts, and fictitious pay stubs with false information about the buyers' employment and earnings, knowing that such documents would be submitted to financial institutions for buyers to obtain mortgage loans.

8.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI knowingly caused defendant LAJEWSKI's companies, Highland Consulting Corporation and Quality Management and Remodeling, to be placed on loan applications as the employer for certain buyers, when they knew the buyers were not employed at defendant LAJEWSKI's companies.

9.     It was further part of the scheme that defendant ANDRZEJ LAJEWSKI fraudulently verified, and caused to be verified, to representatives of lenders that buyers were employed at his companies, when he knew that was untrue, so that the buyers would fraudulently qualify for mortgage loans.

10.     It was further part of the scheme that defendant ANDRZEJ LAJEWSKI recruited other individuals who owned businesses to fraudulently verify that buyers were employed at those businesses, when defendant LAJEWSKI knew that the buyers were not employed at those businesses and that false information had been submitted about the buyers' employment at those businesses in order to qualify buyers for mortgage loans.

11.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, and ALDONA BOBROWICZ caused to be prepared and submitted to financial institutions fraudulent gift letters that they knew falsely reflected that certain individuals who purportedly were related to or close friends with the buyers were providing the buyers with gifts to be applied toward the down payments on the properties, when in fact they knew those gift letters were false and the down payments were not coming from relatives or close friends of the buyers.

5

12.     It was further part of the scheme that defendant ALDONA BOBROWICZ obtained a mortgage loan to purchase a property located at 5007 S. Bishop Street, knowing that she submitted and caused to be submitted false information in order to obtain the mortgage loan, including false information about her employment, income, intention to occupy the property as a primary residence, and source of gift funds for her down payment.

13.     It was further part of the scheme that defendant ANDRZEJ BUKOWSKI obtained a mortgage loan to purchase a property at 6616 S. Green Street, knowing that he submitted and caused to be submitted false information in order to obtain the mortgage loan, including false information about his intention to occupy the property as a primary residence and the source of gift funds for his down payment.

14.     It was further part of the scheme that defendant ANDRZEJ BUKOWSKI provided a buyer with funds to use for that buyer's down payment to purchase 7022 S. Carpenter Street from defendant BUKOWSKI's company, AB Management & Remodeling, knowing that the source of the buyer's down payment was falsely stated to the lender and knowing that he would receive back the funds he provided for the down payment when he received the proceeds from the sale.

15.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and ANDRZEJ BUKOWSKI, individually and together, provided and caused others to provide funds to buyers or to individuals purportedly providing gifts to buyers, knowing that these funds would be used as the buyers' down payments, and knowing that these funds had been fraudulently represented to financial institutions as having come from the buyer themselves or from relatives or close friends purportedly providing gifts to the buyers.

16.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI caused buyers to falsely state that they were going to live in the properties they were purchasing as their primary residence, when defendants LAJEWSKI and SIEKOWSKI knew that was untrue and that defendant LAJEWSKI was going to rent out the properties.

17.     It was part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI caused buyers to refinance properties, and caused false information and documentation to be submitted during that process, including false information that the buyers intended to and were living in the properties, and altered bank statements that fraudulently listed the buyers' address as the property being refinanced.

18.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and ANDRZEJ BUKOWSKI at times received proceeds from the sale of properties, and disbursed those proceeds both to compensate co-schemers and to reimburse individuals who provided down payment funds on behalf of the buyers.

19.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, ALDONA BOBROWICZ, and ANDRZEJ BUKOWSKI did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

20.     On or about April 13, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Primary Residential Mortgage, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $291,420 for a buyer's purchase of 6507 S. Wolcott Avenue;

In violation of Title 18, United States Code, Section 1344.

8

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about December 31, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ALDONA BOBROWICZ,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Directors Financial Group, a financial institution, to fund a mortgage loan in the amount of approximately $292,602 for a buyer's purchase of 6430 S. Green Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.    On or about March 11, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ALDONA BOBROWICZ,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Directors Financial Group, a financial institution, to fund a mortgage loan in the amount of approximately $279,837 for a buyer's purchase of 6517 S. Peoria Street;

In violation of Title 18, United States Code, Section 1344.

## **COUNT FOUR**

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.      On or about June 24, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski, and
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Directors Financial Group, a financial institution, to fund a mortgage loan in the amount of approximately $279,837 for a buyer's purchase of 5537 S. Loomis Boulevard;

In violation of Title 18, United States Code, Section 1344.

11

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about July 23, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing American Fidelity Mortgage Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $288,674 for defendant Bukowski's purchase of 6616 S. Green Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about August 18, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Pacific Union Financial, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $270,019 for a buyer's purchase of 5344 S. Aberdeen Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.　　The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.　　On or about September 4, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,
ALDONA BOBROWICZ, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Peoples Home Equity, a financial institution, to fund a mortgage loan in the amount of approximately $255,290 for defendant Bobrowicz's purchase of 5007 S. Bishop Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT EIGHT

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.    On or about October 31, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Peoples Home Equity, a financial institution, to fund a mortgage loan in the amount of approximately $202,500 for a buyer's purchase of 5935 S. Justine Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT NINE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.    On or about February 24, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing PMAC Lending Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $198,750 for a buyer's purchase of 7022 S. Carpenter Street;

In violation of Title 18, United States Code, Section 1344.

16

## COUNT TEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about June 25, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski, and
> AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing HomeBridge Financial Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $271,855 for a buyer's refinancing of 5344 S. Aberdeen Street;

In violation of Title 18, United States Code, Section 1344.

17

## COUNT ELEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.    On or about September 4, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing HomeBridge Financial Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $195,000 for a buyer's purchase of 6836 S. Bishop Street;

In violation of Title 18, United States Code, Section 1344.

## **FORFEITURE ALLEGATION**

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in this indictment, defendants shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2.     The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $3,012,335.

3.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____
Signed by Erika Csicsila on behalf of the
UNITED STATES ATTORNEY